IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BOBBIE JACKSON, IV,**

    **Petitioner,**

v.                                         Case No. 3:25cv673-MW/MAF

**STATE OF FLORIDA,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

Petitioner Bobbie Jackson, IV, a state inmate proceeding pro se, filed a hand-written petition for writ of habeas corpus pursuant to section 28 U.S.C. § 2254 in the Eleventh Circuit Court of Appeals. ECF No. 1. By order on May 20, 2025, the Eleventh Circuit transferred the matter to this Court pursuant to Federal Rule Appellate Procedure 22(a). *See* ECF No. 1-1. Petitioner Jackson has not yet paid the filing fee or submitted a motion for leave to proceed in forma pauperis in this case.

Petitioner Jackson is currently incarcerated at the Santa Rosa Correctional Institution in Milton, Florida, located in the Northern District of Florida. *See* 28 U.S.C. § 89(a). A review of the hand-written petition indicates Jackson is challenging his state court conviction from the Fourth Judicial Circuit, Duval County, which is located in the Middle District of

Florida.   *See* ECF No. 1, 65-68; 28 U.S.C. § 89(b); *see also* https://pubapps.fdc.myflorida.com/offenderSearch.   Jackson's filing also includes a copy of an amended § 2254 petition submitted on a form to the Middle District of Florida in case number 3:25cv69-MMH-LLL.   *See* ECF No. 1 at 42-64.   That case remains pending in the Middle District and involves the same state court conviction Jackson challenges in this case.

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction.   28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration).   Because Petitioner Jackson already has a pending § 2254 proceeding in the Middle District challenging the same conviction he challenges in this case, in an abundance of caution, this § 2254 petition should be transferred to that court for filing in his case there.   *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) ("Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are

confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses."). *See also* Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that "district courts should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses" and, at note 118, citing Mitchell).

Accordingly, it is respectfully **RECOMMENDED** that this § 2254 petition, along with any pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Jacksonville Division, for filing in his pending case in that court, Jackson v. Secretary, Department of Corrections, 3:25cv-69-MMH-LLL.

**IN CHAMBERS** at Tallahassee, Florida, on May 27, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the**

**electronic docket is for the Court's internal use only and does not control**.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.